# Exhibit C


strategis.gc.ca

▶ Corporations Canada  ▶ Search for a Federal Corporation

**Corporations Canada**

- ▶ **Corporations Canada's Home**
- ▶ **What's New**
- ▶ **Guide to Federal Incorporation**
- ▶ **Online Filing**
- ▶ **Choosing A Name**
- ▶ **Search for a Federal Corporation**
- ▶ **Forms, Policies, Fees and Legislation**
- ▶ **General Information**
- ▶ **FAQ**
- ▶ **Other Related Sites**

### Corporation #114472 BN #101842904RC0001

**Corporation Name(s):**  FORD MOTOR COMPANY OF CANADA, LIMITED
FORD DU CANADA LIMITEE

**Old Name(s) and Change Date(s)**  FORD MOTOR COMPANY OF CANADA, LIMITED - 1976/05/25

**Registered Office Address:** [Latest address on file]
**Care of:**  H.C. CUSHMAN
**Street:**  THE CANADIAN RD
**City:**  OAKVILLE
**Province:**  Ontario
**Postal Code:**  L6J5E4
**Country:**  Canada

**Country:**  Canada
**Reg. Off. Eff:**  1911/12/18

| Status | Date |
|---|---|
| Discontinued | 1995/09/12 |
| Active | 1979/03/01 |

**ACT Name:** Canada Business Corporations Act      **Proxy:** 1995/09/12
**Incorporation:** 1911/12/18                        **Prospectus:**
**Amalgamation:**                                    **Take Over:**
**Continuance:**                                     **Revival:**
**Anniversary:** 1979/03/01                          **Intent to Dissolve:**
**Import:** -                                        **Revocation of Intent:**
**Export:** Ontario-1995/09/12                       **Update:** 2008/09/02

Top  Directors  AR/AS  Financial  Amalg  Subs/Parent  Bottom

### Directors

*NOTICE TO CLIENTS:*

Please note that directors residential addresses are no longer available online. The request for this information can be made in writing directly to Corporations Canada by:

E-mail: corporationscanada@ic.gc.ca

Fax: (613) 941-0601 or 941-5789

Letter: Attn: Head, Information and Certification Unit
9th Floor, Jean Edmonds Tower South
365 Laurier Avenue West
Ottawa, Ontario K1A OC8

Please provide contact name, e-mail address, business address, telephone
number and fax number.

**Current:** 9           **Last Update Date:** 1995/03/28
**Min:** 11          **Last Amendment:**
**Max:** 11
**Director(s) name(s):**
M. BOUCHARD
R. F. BENNETT
W. G. DAVIS
N. J. STEWART
E. E. HAGENLOCKER
J. F. FRASER
A. POWIS
R. L. REWEY
M. W. HUTCHINS

Top   Directors   AR/AS   Financial   Amalg   Subs/Parent   Bottom

## Annual Return/Annual Summary(AR/AS)

**NOTICE TO CLIENTS:**

Following the transition period resulting from the November 24, 2001
amendments to the Canada Business Corporations Act, the Act now refers to a
minimum of 50 shareholders instead of 15

**Distributing:**            NO
**Number of Shareholders:**    >15 YES
**Annual Meeting (Last):**     1994/05/17
**Enforcement Code:**
**Enforcement Date:**
**Taxation Year End:**        12/31

**AR/AS Filed:**

                 Received - with Fee - 1995
                 Received - with Fee - 1994
                 Received - with Fee - 1993

Top   Directors   AR/AS   Financial   Amalg   Subs/Parent   Bottom

## Financial

*Fin. Data Class:* Disclosing - Distributing          *Enforcement Code:*
*Latest Filing:* 95/04/19                             *Enforcement Date:*

*Exemption:*          **Status**                       **Date**
                      Audit Committee                  1997/07/09
                      Insider Report                   1997/07/09

## CERTIFICATE OF SERVICE

I hereby certify that on April 2, 2009 I have served the above and foregoing Notice of Removal using the Court's CM/ECF system upon:

James E. Carter, Esq.
Miguel A. Cossio, Esq.
James E. Carter & Associates, LLC
125 Park of Commerce Dr.
Suite D
Savannah, Georgia 31405

Michael J. Warshauer, Esq.
Warshauer, Poe and Thornton
3350 Riverwood Parkway
Suite 2000
Atlanta, Georgia 30339

MCKENNA LONG & ALDRIDGE LLP

/s/ Suneel Gupta
Suneel C. Gupta, Esq.
Georgia Bar No.: 452203

303 Peachtree Street
Suite 5300
Atlanta, Georgia 30308
(404)527-4000 (telephone)
(404)527-4198 (facsimile)
sgupta@mckennalong.com

COBB COUNTY, GA
FILED IN OFFICE

09 APR -2 PM 1: 34

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA  DIANE B. WEBB
ATLANTA DIVISION      STATE COURT CLERK-13

HOPE M. ABERCROMBIE,          :
                              :
      Plaintiff,              :
                              :
vs.                           :    Civil Action
                              :    File No. :
FORD MOTOR COMPANY and        :
FORD MOTOR COMPANY OF         :
CANADA, LTD.,                 :
                              :
      Defendants.             :

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

HOPE M. ABERCROMBIE,          :
                              :
      Plaintiff,              :
                              :
vs.                           :    Civil Action
                              :    File No. : 2009A2786-1
FORD MOTOR COMPANY and        :
FORD MOTOR COMPANY OF         :
CANADA, LTD.,                 :
                              :
      Defendants.             :

## NOTICE OF FILING NOTICE OF REMOVAL

TO:  Clerk of Court
     State Court of Cobb County
     12 East Park Square
     Marietta, Georgia 30090

     James E. Carter, Esq.
     Miguel A. Cossio, Esq.
     James E. Carter & Associates, LLC
     125 Park of Commerce Dr.
     Suite D
     Savannah, Georgia 31405

Michael J. Warshauer, Esq.
Warshauer, Poe and Thornton
3350 Riverwood Parkway
Suite 2000
Atlanta, Georgia 30339

Pursuant to 28 U.S.C. § 1446, you are hereby notified of the filing of a Notice of Removal filed in the United States District Court for the Northern District of Georgia, Atlanta Division, a copy of which is attached hereto as Exhibit "A."

By filing the Notice of Removal, Defendants Ford Motor Company and Ford Motor Company of Canada, Ltd. have removed this action from this Court to said federal court. Accordingly, the jurisdiction of the State Court is herewith suspended and any proceedings in this Court after the date of removal are null and void unless or until this Court resumes jurisdiction. See, e.g., Cotton v. Federal Land Bank of Columbia, 246 Ga. 188, 269 S.E.2d 422 (1980).

This 2nd day of April, 2009.

MCKENNA LONG & ALDRIDGE LLP


/s/ Suneel C. Gupta, Esq.
Charles K. Reed, Esq.
Georgia Bar No.: 597597
Michael R. Boorman, Esq.
Georgia Bar No.: 067798
Suneel C. Gupta, Esq.
Georgia Bar No.: 452203

303 Peachtree Street
Suite 5300
Atlanta, Georgia 30308
(404)527-4000 (telephone)
(404)527-4198 (facsimile)
creed@mckennalong.com
mboorman@mckennalong.com
sgupta@mckennalong.com

Attorneys for Defendant
Ford Motor Company

## FONT CERTIFICATE

I hereby certify that this pleading was prepared using a font and point selection approved by the Court in Local Rule 5.1C.

/s/ Suneel C. Gupta, Esq.
Suneel C. Gupta, Esq.
Georgia Bar No.: 452203

COBB COUNTY, GA
FILED IN OFFICE

09 APR -2 PM 1: 35

~~~~~ B. WEBB
STATE COURT CLERK-13

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

HOPE M. ABERCROMBIE,           :
                               :
       Plaintiff,              :
                               :
vs.                            :    Civil Action
                               :    File No. :
FORD MOTOR COMPANY and         :
FORD MOTOR COMPANY OF          :
CANADA, LTD.,                  :
                               :
       Defendants.             :

## NOTICE OF REMOVAL

NOW COME Defendants Ford Motor Company and Ford Motor
Company of Canada, Ltd., by and through counsel, and pursuant to
28 U.S.C. § 1332, hereby remove the action captioned Hope M.
Abercrombie, v. Ford Motor Company and Ford Motor Company of
Canada, Ltd., State Court of Cobb County, Civil Action Number
2009A2786-1, to the United States District Court for the
Northern District of Georgia, Atlanta Division, respectfully
showing the Court as follows:

### BACKGROUND OF ACTION

1.

This automotive product liability action was originally
filed in the State Court of Cobb County, Civil Division, on or
about February 24, 2009.

2.

Defendant Ford Motor Company ("Ford") was served with Plaintiff's Complaint on or about March 4, 2009. Defendant Ford Motor Company of Canada, Ltd. ("Ford of Canada") was served with Plaintiff's Complaint on or about March 30, 2009. Both Ford and Ford of Canada are contemporaneously filing their Answers and Defenses to Plaintiff's Complaint for Damages ("Answers") in the State Court Action. A true and correct copy of the file for the State Court Action, including the Answers filed by Ford and Ford of Canada, is attached hereto as Exhibit "A."

3.

Plaintiff is, at the time of the commencement of this action, a resident of the State of Georgia. (Compl. ¶ 1).

REMOVING DEFENDANTS

4.

Defendant Ford is, and at the time of the commencement of this action, a corporation organized and existing under the laws of the state of Delaware, with its principal place of business in the state of Michigan. (See, Exhibit B, attaching Secretary of State entry for Ford).

Defendant Ford of Canada is, and at the time of the commencement of this action, a corporation organized and existing under the laws of Canada, with its principal place

being in the province of Ontario.  (See, Exhibit C, attaching Industry Canada entry for Ford of Canada).

### GROUNDS FOR REMOVAL

5.

This action is being removed pursuant to 28 U.S.C. § 1441, et seq., inasmuch as this action could have originally been brought in this court pursuant to 28 U.S.C. § 1332.

6.

This Notice of Removal is timely filed because it is submitted within thirty days of the date Ford and Ford of Canada determined that this case was subject to removal.  28 U.S.C. § 1446(b).

7.

A true and correct copy of this Notice of Removal is being served upon all parties to this lawsuit.

8.

A true and correct copy of this Notice of Removal is being filed with the Clerk of the State Court of Cobb County, Georgia, on this date.

JURISDICTION UNDER 28 U.S.C. § 1332

9.

In the Complaint, Plaintiff includes a demand for judgment to compensate her for injuries and damages arising from a motor vehicle accident that occurred on March 14, 2007.  (E.g., Compl. ¶ 6).  Plaintiff also seeks punitive damages.  (E.g., Compl. ¶ 29).  The amounts sought by Plaintiffs exceed the jurisdictional threshold of $75,000 found in 28 U.S.C. § 1332(a).

NO WAIVER OF DEFENSES AND OBJECTIONS

10.

Defendants Ford and Ford of Canada, by virtue of filing this Notice of Removal, do not waive any defenses or objections available to them under the law.  Accordingly, the jurisdiction of the State Court is herewith suspended and any proceedings in State Court after the date of removal are null and void unless or until State Court resumes jurisdiction.  See, e.g., Cotton v. Federal Land Bank of Columbia, 246 Ga. 188, 269 S.E.2d 422 (1980).

WHEREFORE, Defendants Ford and Ford of Canada pray that the above-styled cause be removed from the State Court of Cobb County, Georgia, to the United States District Court for the Northern District of Georgia, Atlanta Division, according to the reasons cited herein.

This 2nd day of April, 2009.

MCKENNA LONG & ALDRIDGE LLP

/s/ Suneel C. Gupta, Esq.
Charles K. Reed, Esq.
Georgia Bar No.: 597597
Michael R. Boorman, Esq.
Georgia Bar No.: 067798
Suneel C. Gupta, Esq.
Georgia Bar No.: 452203

303 Peachtree Street
Suite 5300
Atlanta, Georgia 30308
(404)527-4000 (telephone)
(404)527-4198 (facsimile)
creed@mckennalong.com
mboorman@mckennalong.com
sgupta@mckennalong.com

Attorneys for Defendants
Ford Motor Company and Ford Motor
Company of Canada, Ltd.

## FONT CERTIFICATE

I hereby certify that this pleading was prepared using a font and point selection approved by the Court in Local Rule 5.1C.

/s/ Suneel C. Gupta, Esq.
Suneel C. Gupta, Esq.
Georgia Bar No.: 452203

# Exhibit A

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

HOPE M. ABERCROMBIE,                           :
                                               :
      Plaintiff,                             :
                                               :
vs.                                            :          Civil Action
                                               :          File No. :  2009 A 2786-1
FORD MOTOR COMPANY and                         :
FORD MOTOR COMPANY OF                           :
CANADA, LTD.,                                   :
                                               :
      Defendants.                            :

## ANSWER AND DEFENSES OF FORD MOTOR COMPANY

COMES NOW Ford Motor Company ("Ford"), named as Defendant in the above-styled action, and files this its Answer and Defenses, showing as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted from this Defendant.

### SECOND DEFENSE

Plaintiff's damages are not the proximate result of any alleged act or failure to act of this Defendant, and, therefore, Plaintiff is not entitled to recover from this Defendant.

### THIRD DEFENSE

Plaintiff could, by the exercise of ordinary care, have avoided the consequences of any alleged act or failure to act of this Defendant and, therefore, Plaintiff is not entitled to recover from this Defendant.

### FOURTH DEFENSE

Plaintiff's damages, if any, were caused by the acts or omissions of persons or entities other than this Defendant and, therefore, Plaintiff may not recover damages

from this Defendant in any sum.

## FIFTH DEFENSE

Plaintiff assumed the risk of such injury or damage therefore, Plaintiff may not recover from this Defendant.

## SIXTH DEFENSE

To the extent that discovery supports the same, this Defendant asserts the defense of product abuse, product misuse, and/or product modification and alteration.

## SEVENTH DEFENSE

Such injury or damage as Plaintiff may have sustained was caused, produced or brought about by reason of the acts or omissions of others, for whom this Defendant is not liable and, therefore, Plaintiff may not recover from this Defendant in any sum or manner.

## EIGHTH DEFENSE

Any product allegedly manufactured by Defendant, which is in question, was not defective in any respect and, therefore, Plaintiff may not recover from this Defendant.

## NINTH DEFENSE

At all times this Defendant was in the exercise of that degree of care required by law and, therefore, Plaintiff may not recover of this Defendant.

## TENTH DEFENSE

This Court lacks or may lack jurisdiction of the person of Ford.

## ELEVENTH DEFENSE

There is or may be an insufficiency of service or service of process as to Ford.

## TWELFTH DEFENSE

Plaintiff's claims are or may be barred by the doctrine of contributory negligence.

## THIRTEENTH DEFENSE

Plaintiff's claims are or may be barred, in whole or in part, by one doctrine of comparative negligence.

## FOURTEENTH DEFENSE

Plaintiff's claim for punitive damages fails to state a claim upon which relief can be granted.

## FIFTEENTH DEFENSE

There is no basis in law or fact for the imposition of punitive damages with respect to the claims of Plaintiff against this Defendant.

## SIXTEENTH DEFENSE

Plaintiff's Complaint, to the extent that it seeks punitive damages, violates this Defendant's rights to procedural due process under the Fourteenth Amendment of the United States Constitution and the Constitution of the State of Georgia and therefore fails to state a cause of action or set forth a claim upon which damages can be awarded.

## SEVENTEENTH DEFENSE

Plaintiff's Complaint, to the extent that it seeks punitive damages, violates this Defendant's rights to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution and Article I, Section I, Paragraph XVII of the Constitution of the State of Georgia and violates this Defendant's right to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of Georgia and therefore

fails to state a cause of action or set forth a claim supporting the punitive damages claimed.

### EIGHTEENTH DEFENSE

The claim for "punitive damages" is barred by the provisions of Article VI of the Constitution of the United States.

### NINETEENTH DEFENSE

Without limiting the generality of the previous defense, an award of punitive damages against this Defendant would violate this Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Article 1, Section 1, Paragraph 1 of the Constitution of Georgia because (1) this Defendant had no notice of or means of ascertaining whether, or in what amount, it might be subject to a penalty of punitive damages for the conduct alleged by Plaintiffs in this case, which lack of notice was compounded by absence of any adequate or meaningful standards as to the kind of conduct that might subject this Defendant to punitive damages or as to the potential amount of such an award; (2) an award of punitive damages under Georgia law does not give cognizance to the comparability of the award to awards in other, similar cases; (3) an award of punitive damages in Georgia under Georgia's statute does not give adequate consideration to the proportionality of the punitive damages awarded to the wrong done to Plaintiffs; and (4) no provision of Georgia law or the Georgia punitive damages scheme provides adequate procedural safeguards consistent with the criteria set forth in State Farm Mutual Auto. Ins. Co. v. Campbell, 538 U.S. 408 (2003); Cooper Industries, Inc. v. Leatherman Tool Group, Inc., 532 U.S. 424 (2001); BMW of North America, Inc. v.

Gore, 517 U.S. 559 (1996); Pacific Mutual Life Ins. Co. v. Haslip, 499 U.S. 1 (1990); and Matthews v. Eldridge, 424 U.S. 319 (1976) for the imposition of a punitive award.

<div align="center">TWENTIETH DEFENSE</div>

Any attempted application of Georgia law in this case in regard to any claim for "punitive damages" against this Defendant would be unconstitutional for the following reasons:

(1)    This Defendant did nothing for which it should be punished, penalized, or deterred and therefore any recovery of "punitive damages" against this Defendant would deprive this Defendant of property without due process of law in violation of the Fourteenth Amendment of the United States Constitution and in violation of Article 1, Section 1, Paragraph 1 of the Constitution of the State of Georgia;

(2)    Any recovery of "punitive damages" against this Defendant would violate the provisions of Article 1,  Section 1, Paragraph 2 of the Constitution of the State of Georgia;

(3)    Any recovery of "punitive damages" against this Defendant would deprive this Defendant of its right to substantive due process as guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of Georgia;

(4)    Any recovery of "punitive damages" would violate the guaranty against "excessive fines" as provided in the Eighth Amendment of the United States Constitution and Article 1,  Section 1, Paragraph 17 of the Constitution of the State of Georgia.

## TWENTY-FIRST DEFENSE

Plaintiff's claim for punitive damages against Ford cannot be maintained, because an award of punitive damages under current Georgia law would be void for vagueness, both facially and as applied. Among other deficiencies, there is an absence of adequate notice of what conduct is subject to punishment; an absence of adequate notice of what punishment may be imposed; an absence of a predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose; a risk that punitive damages will be imposed retrospectively based on conduct that was not deemed punishable at the time the conduct occurred; and it would permit and encourage arbitrary and discriminatory enforcement, all in violation of the due process clause of the Fourteenth Amendment to the United States Constitution, Article 1, Section 1, Paragraph 1 of the Constitution of the State of Georgia, and the common law and public policies of the State of Georgia.

## TWENTY-SECOND DEFENSE

Plaintiff's claim for punitive damages against Ford cannot be maintained, because any award of punitive damages under Georgia law would be by a jury that (1) is not provided standards of sufficient clarity for determining the appropriateness, and the appropriate size, of a punitive damages award, (2) is not adequately instructed on the limits on punitive damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the residence, wealth, and corporate status of Ford, (4) is permitted to award punitive damages under a standard

for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible, and (5) is not subject to adequate trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of objective standards.    Any such verdict would Ford's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Article 1, Section 1, Paragraphs 1 and 2 of the Georgia Constitution, and would be improper under the common law and public policies of the State of Georgia.

<u>TWENTY-THIRD DEFENSE</u>

Any award of punitive damages based on anything other than Ford's conduct in connection with the design, manufacture, and sale of the specific single vehicle that is the subject of this lawsuit would violate the due process clause of the Fourteenth Amendment to the United States Constitution and Article 1, Section 1, Paragraph 1 of the Georgia Constitution, and would be improper under the common law and public policies of the State of Georgia, because any other judgment for punitive damages in this case cannot protect Ford against impermissible multiple punishment for the same wrong and against punishment for extra-territorial conduct, including especially conduct that is lawful in states other than the State of Georgia.   In addition, any such award would violate principles of comity under the laws of the State of Georgia.

<u>TWENTY-FOURTH DEFENSE AND ANSWER</u>

Responding to the specific allegations of the numbered paragraphs of Plaintiff's Complaint, Defendant Ford further shows as follows:

1.    Ford is without sufficient knowledge or information to form a belief as to

the truth or the falsity of the allegations contained in Paragraph 1 of Plaintiff's Complaint and therefore can neither admit nor deny same.

2.    Referring to the time this Complaint was filed, Ford admits the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3.    Ford believes that Ford Motor Company of Canada, Ltd. is an alien, Canadian corporation transacting business in Georgia, and is a wholly-owned subsidiary of Ford Motor Company.   Ford denies the remaining allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.    Ford is without sufficient knowledge or information to form a belief as to the truth or the falsity of the allegations contained in Paragraph 4 of Plaintiff's Complaint and therefore can neither admit nor deny same.

5.    Ford admits designing, in part, manufacturing, in part, testing, in part, and marketing in part, the Ford Windstar.  Ford denies the remaining allegations found in Paragraph 5 of Plaintiff's Complaint.

### Facts

6.    Ford is without sufficient knowledge or information to form a belief as to the truth or the falsity of the allegations contained in Paragraph 6 of Plaintiff's Complaint and therefore can neither admit nor deny same.

7.    Ford is without sufficient knowledge or information to form a belief as to the truth or the falsity of the allegations contained in Paragraph 7 of Plaintiff's Complaint and therefore can neither admit nor deny same.

8.    Ford is without sufficient knowledge or information to form a belief as to the truth or the falsity of the allegations contained in Paragraph 8 of Plaintiff's Complaint

and therefore can neither admit nor deny same.

9.      Ford is without sufficient knowledge or information to form a belief as to the truth or the falsity of the allegations contained in Paragraph 9 of Plaintiff's Complaint and therefore can neither admit nor deny same.

10.      Ford is without sufficient knowledge or information to form a belief as to the truth or the falsity of the allegations contained in Paragraph 10 of Plaintiff's Complaint and therefore can neither admit nor deny same.

11.      Ford is without sufficient knowledge or information to form a belief as to the truth or the falsity of the allegations contained in Paragraph 11 of Plaintiff's Complaint and therefore can neither admit nor deny same.

12.      Ford is without sufficient knowledge or information to form a belief as to the truth or the falsity of the allegations contained in Paragraph 12 of Plaintiff's Complaint and therefore can neither admit nor deny same.

13.      Ford denies the allegations in Paragraph 13 of Plaintiff's Complaint.

## COUNT I

### Defective Design and Manufacturing of the Ford Windstar Against Ford Motor Company and Ford Motor Company of Canada, ltd.

14.      Responding to Paragraph 14 of Plaintiff's Complaint, Ford incorporates herein by reference its previously stated responses to Paragraphs 1 through 13 and its defenses.

15.      Ford admits that it designed, in part, and manufactured, in part, and distributed to authorized dealerships Ford Windstar vehicles.  Ford is without sufficient knowledge or information to form a belief as to the truth or the falsity of the remaining

allegations contained in Paragraph 15 of Plaintiff's Complaint and therefore can neither admit nor deny same.

16.    Ford denies the allegations found in Paragraph 16 of Plaintiff's Complaint.

17.    Ford denies the allegations found in Paragraph 17 of Plaintiff's Complaint.

18.    Ford denies the allegations found in Paragraph 18 of Plaintiff's Complaint.

19.    Ford denies the allegations found in Paragraph 19 of Plaintiff's Complaint, including the prayer for relief beginning with "WHEREFORE" and subparts (1) - (7).

## COUNT II

## Negligent Design, Manufacturing, Testing, Sale and Distribution of the Ford Van

## Against Ford Motor Company and Ford Motor Company of Canada, Ltd.

20.    Responding to Paragraph 20 of Plaintiff's Complaint, Ford incorporates herein by reference its previously stated responses to Paragraphs 1 through 19 and its defenses.

21.    Ford denies the allegations found in Paragraph 21 of Plaintiff's Complaint.

22.    Ford denies the allegations found in Paragraph 22 of Plaintiff's Complaint.

23.    Ford denies the allegations found in Paragraph 23 of Plaintiff's Complaint.

24.    Ford denies the allegations found in Paragraph 24 of Plaintiff's Complaint.

25.    Ford denies the allegations found in Paragraph 25 of Plaintiff's Complaint.

26.    Ford denies the allegations found in Paragraph 26 of Plaintiff's Complaint, including the prayer for relief beginning with "WHEREFORE" and subparts (1) - (7).

## COUNT III

### Punitive Damages Against Ford Motor Company and

### Ford Motor Company of Canada, Ltd.

27. Responding to Paragraph 27 of Plaintiff's Complaint, Ford incorporates herein by reference its previously stated responses to Paragraphs 1 through 26 and its defenses.

28.    Ford denies the allegations found in Paragraph 28 of Plaintiff's Complaint.

29.    Ford denies the allegations found in Paragraph 29 of Plaintiff's Complaint, including the prayer for relief beginning with "WHEREFORE" and subparts (1) - (4).

30.    Ford denies all allegations not specifically admitted to herein.

WHEREFORE, having fully responded to Plaintiff's Complaint, Ford prays as follows:

(a)    That judgment be entered in its favor;

(b)    That costs be cast against Plaintiff;

(c)    That it have a trial by jury of twelve persons; and

(d)    That it have such further relief as the Court deems just and proper.

This 2nd day of April, 2009.

McKENNA LONG & ALDRIDGE LLP

_____
Charles K. Reed, Esq.
Georgia Bar No: 597597
Michael R. Boorman, Esq.
Georgia Bar No: 067798
Suneel C. Gupta, Esq.
Georgia Bar No. 452203

303 Peachtree Street - Suite 5300
Atlanta, Georgia 30308
404-527-4000  Telephone

## CERTIFICATE OF SERVICE

I hereby certify that I have served the above and foregoing Answer and Defenses

of Ford Motor Company via US Mail, postage prepaid, upon:

> James E. Carter, Esq.
> Miguel A. Cossio, Esq.
> James E. Carter & Associates, LLC
> 125 Park of Commerce Dr.
> Suite D
> Savannah, Georgia 31405
>
> Michael J. Warshauer, Esq.
> Warshauer, Poe and Thornton
> 3350 Riverwood Parkway
> Suite 2000
> Atlanta, Georgia 30339

This 2nd day of April, 2009.

_____
Suneel C. Gupta, Esq.
Georgia Bar No.: 452203

303 Peachtree Street
Suite 5300
Atlanta, Georgia 30308
(404)527-4000 (telephone)
(404)527-4198 (facsimile)
sgupta@mckennalong.com

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

HOPE M. ABERCROMBIE,                    :
                                        :
        Plaintiff,                      :
                                        :
vs.                                     :        Civil Action
                                        :        File No. :  2009 A 2786-1
FORD MOTOR COMPANY and                  :
FORD MOTOR COMPANY OF                    :
CANADA, LTD.,                           :
                                        :
        Defendants.                     :

## ANSWER AND DEFENSES OF FORD MOTOR COMPANY OF CANADA, LTD.

COMES NOW Ford Motor Company of Canada, Ltd. ("Ford"), named as Defendant in the above-styled action, and files this its Answer and Defenses, showing as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted from this Defendant.

### SECOND DEFENSE

Plaintiff's damages are not the proximate result of any alleged act or failure to act of this Defendant, and, therefore, Plaintiff is not entitled to recover from this Defendant.

### THIRD DEFENSE

Plaintiff could, by the exercise of ordinary care, have avoided the consequences of any alleged act or failure to act of this Defendant and, therefore, Plaintiff is not entitled to recover from this Defendant.

## FOURTH DEFENSE

Plaintiff's damages, if any, were caused by the acts or omissions of persons or entities other than this Defendant and, therefore, Plaintiff may not recover damages from this Defendant in any sum.

## FIFTH DEFENSE

Plaintiff assumed the risk of such injury or damage therefore, Plaintiff may not recover from this Defendant.

## SIXTH DEFENSE

To the extent that discovery supports the same, this Defendant asserts the defense of product abuse, product misuse, and/or product modification and alteration.

## SEVENTH DEFENSE

Such injury or damage as Plaintiff may have sustained was caused, produced or brought about by reason of the acts or omissions of others, for whom this Defendant is not liable and, therefore, Plaintiff may not recover from this Defendant in any sum or manner.

## EIGHTH DEFENSE

Any product allegedly manufactured by Defendant, which is in question, was not defective in any respect and, therefore, Plaintiff may not recover from this Defendant.

## NINTH DEFENSE

At all times this Defendant was in the exercise of that degree of care required by law and, therefore, Plaintiff may not recover of this Defendant.

## TENTH DEFENSE

This Court lacks or may lack jurisdiction of the person of Ford.

## ELEVENTH DEFENSE

There is or may be an insufficiency of service or service of process as to Ford.

## TWELFTH DEFENSE

Plaintiff's claims are or may be barred by the doctrine of contributory negligence.

## THIRTEENTH DEFENSE

Plaintiff's claims are or may be barred, in whole or in part, by one doctrine of comparative negligence.

## FOURTEENTH DEFENSE

Plaintiff's claim for punitive damages fails to state a claim upon which relief can be granted.

## FIFTEENTH DEFENSE

There is no basis in law or fact for the imposition of punitive damages with respect to the claims of Plaintiff against this Defendant.

## SIXTEENTH DEFENSE

Plaintiff's Complaint, to the extent that it seeks punitive damages, violates this Defendant's rights to procedural due process under the Fourteenth Amendment of the United States Constitution and the Constitution of the State of Georgia and therefore fails to state a cause of action or set forth a claim upon which damages can be awarded.

## SEVENTEENTH DEFENSE

Plaintiff's Complaint, to the extent that it seeks punitive damages, violates this Defendant's rights to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution and Article I, Section I, Paragraph XVII of

the Constitution of the State of Georgia and violates this Defendant's right to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of Georgia and therefore fails to state a cause of action or set forth a claim supporting the punitive damages claimed.

<div align="center">EIGHTEENTH DEFENSE</div>

The claim for "punitive damages" is barred by the provisions of Article VI of the Constitution of the United States.

<div align="center">NINETEENTH DEFENSE</div>

Without limiting the generality of the previous defense, an award of punitive damages against this Defendant would violate this Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Article 1, Section 1, Paragraph 1 of the Constitution of Georgia because (1) this Defendant had no notice of or means of ascertaining whether, or in what amount, it might be subject to a penalty of punitive damages for the conduct alleged by Plaintiffs in this case, which lack of notice was compounded by absence of any adequate or meaningful standards as to the kind of conduct that might subject this Defendant to punitive damages or as to the potential amount of such an award; (2) an award of punitive damages under Georgia law does not give cognizance to the comparability of the award to awards in other, similar cases; (3) an award of punitive damages in Georgia under Georgia's statute does not give adequate consideration to the proportionality of the punitive damages awarded to the wrong done to Plaintiffs; and (4) no provision of Georgia law or the Georgia punitive damages scheme provides

<div align="center">-4-</div>

adequate procedural safeguards consistent with the criteria set forth in <u>State Farm Mutual Auto. Ins. Co. v. Campbell</u>, 538 U.S. 408 (2003); <u>Cooper Industries, Inc. v. Leatherman Tool Group, Inc.</u>, 532 U.S. 424 (2001); <u>BMW of North America, Inc. v. Gore</u>, 517 U.S. 559 (1996); <u>Pacific Mutual Life Ins. Co. v. Haslip</u>, 499 U.S. 1 (1990); and <u>Matthews v. Eldridge</u>, 424 U.S. 319 (1976) for the imposition of a punitive award.

<div align="center"><u>TWENTIETH DEFENSE</u></div>

Any attempted application of Georgia law in this case in regard to any claim for "punitive damages" against this Defendant would be unconstitutional for the following reasons:

(1)    This Defendant did nothing for which it should be punished, penalized, or deterred and therefore any recovery of "punitive damages" against this Defendant would deprive this Defendant of property without due process of law in violation of the Fourteenth Amendment of the United States Constitution and in violation of Article 1, Section 1, Paragraph 1 of the Constitution of the State of Georgia;

(2)    Any recovery of "punitive damages" against this Defendant would violate the provisions of Article 1,  Section 1, Paragraph 2 of the Constitution of the State of Georgia;

(3)    Any recovery of "punitive damages" against this Defendant would deprive this Defendant of its right to substantive due process as guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of Georgia;

(4)    Any recovery of "punitive damages" would violate the guaranty against "excessive fines" as provided in the Eighth Amendment of the United States

<div align="center">-5-</div>

Constitution and Article 1, Section 1, Paragraph 17 of the Constitution of the State of Georgia.

## TWENTY-FIRST DEFENSE

Plaintiff's claim for punitive damages against Ford cannot be maintained, because an award of punitive damages under current Georgia law would be void for vagueness, both facially and as applied. Among other deficiencies, there is an absence of adequate notice of what conduct is subject to punishment; an absence of adequate notice of what punishment may be imposed; an absence of a predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose; a risk that punitive damages will be imposed retrospectively based on conduct that was not deemed punishable at the time the conduct occurred; and it would permit and encourage arbitrary and discriminatory enforcement, all in violation of the due process clause of the Fourteenth Amendment to the United States Constitution, Article 1, Section 1, Paragraph 1 of the Constitution of the State of Georgia, and the common law and public policies of the State of Georgia.

## TWENTY-SECOND DEFENSE

Plaintiff's claim for punitive damages against Ford cannot be maintained, because any award of punitive damages under Georgia law would be by a jury that (1) is not provided standards of sufficient clarity for determining the appropriateness, and the appropriate size, of a punitive damages award, (2) is not adequately instructed on the limits on punitive damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the

basis of invidiously discriminatory characteristics, including the residence, wealth, and corporate status of Ford, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible, and (5) is not subject to adequate trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of objective standards.    Any such verdict would Ford's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Article 1, Section 1, Paragraphs 1 and 2 of the Georgia Constitution, and would be improper under the common law and public policies of the State of Georgia.

<div align="center">TWENTY-THIRD DEFENSE</div>

Any award of punitive damages based on anything other than Ford's conduct in connection with the design, manufacture, and sale of the specific single vehicle that is the subject of this lawsuit would violate the due process clause of the Fourteenth Amendment to the United States Constitution and Article 1, Section 1, Paragraph 1 of the Georgia Constitution, and would be improper under the common law and public policies of the State of Georgia, because any other judgment for punitive damages in this case cannot protect Ford against impermissible multiple punishment for the same wrong and against punishment for extra-territorial conduct, including especially conduct that is lawful in states other than the State of Georgia.    In addition, any such award would violate principles of comity under the laws of the State of Georgia.

<div align="center">TWENTY-FOURTH DEFENSE AND ANSWER</div>

Responding to the specific allegations of the numbered paragraphs of Plaintiff's

<div align="center">-7-</div>

Complaint, Defendant Ford further shows as follows:

1.    Ford is without sufficient knowledge or information to form a belief as to the truth or the falsity of the allegations contained in Paragraph 1 of Plaintiff's Complaint and therefore can neither admit nor deny same.

2.    Ford believes that the allegations in Paragraph 2 of Plaintiff's Complaint made against Ford Motor Company are correct.

3.    Ford admits that it is a Canadian corporation which transacts business in Georgia, and that is a wholly owned subsidiary of Ford Motor Company. Ford denies the remaining allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.    Ford is without sufficient knowledge or information to form a belief as to the truth or the falsity of the allegations contained in Paragraph 4 of Plaintiff's Complaint and therefore can neither admit nor deny same.

5.    Ford admits designing, in part, manufacturing, in part, testing, in part, and marketing in part, the Ford Windstar.  Ford denies the remaining allegations found in Paragraph 5 of Plaintiff's Complaint.

### Facts

6.    Ford is without sufficient knowledge or information to form a belief as to the truth or the falsity of the allegations contained in Paragraph 6 of Plaintiff's Complaint and therefore can neither admit nor deny same.

7.    Ford is without sufficient knowledge or information to form a belief as to the truth or the falsity of the allegations contained in Paragraph 7 of Plaintiff's Complaint and therefore can neither admit nor deny same.

8.    Ford is without sufficient knowledge or information to form a belief as to

the truth or the falsity of the allegations contained in Paragraph 8 of Plaintiff's Complaint and therefore can neither admit nor deny same.

9.     Ford is without sufficient knowledge or information to form a belief as to the truth or the falsity of the allegations contained in Paragraph 9 of Plaintiff's Complaint and therefore can neither admit nor deny same.

10.    Ford is without sufficient knowledge or information to form a belief as to the truth or the falsity of the allegations contained in Paragraph 10 of Plaintiff's Complaint and therefore can neither admit nor deny same.

11.    Ford is without sufficient knowledge or information to form a belief as to the truth or the falsity of the allegations contained in Paragraph 11 of Plaintiff's Complaint and therefore can neither admit nor deny same.

12.    Ford is without sufficient knowledge or information to form a belief as to the truth or the falsity of the allegations contained in Paragraph 12 of Plaintiff's Complaint and therefore can neither admit nor deny same.

13.    Ford denies the allegations in Paragraph 13 of Plaintiff's Complaint.

## COUNT I

## Defective Design and Manufacturing of the Ford Windstar Against Ford Motor Company and Ford Motor Company of Canada, ltd.

14.    Responding to Paragraph 14 of Plaintiff's Complaint, Ford incorporates herein by reference its previously stated responses to Paragraphs 1 through 13 and its defenses.

15.    Ford admits that it designed, in part, and manufactured, in part, and distributed to authorized dealerships Ford Windstar vehicles. Ford is without sufficient

knowledge or information to form a belief as to the truth or the falsity of the remaining allegations contained in Paragraph 15 of Plaintiff's Complaint and therefore can neither admit nor deny same.

16.    Ford denies the allegations found in Paragraph 16 of Plaintiff's Complaint.

17.    Ford denies the allegations found in Paragraph 17 of Plaintiff's Complaint.

18.    Ford denies the allegations found in Paragraph 18 of Plaintiff's Complaint.

19.    Ford denies the allegations found in Paragraph 19 of Plaintiff's Complaint, including the prayer for relief beginning with "WHEREFORE" and subparts (1) - (7).

<u>COUNT II</u>

<u>Negligent Design, Manufacturing, Testing, Sale and Distribution of the Ford Van</u>

<u>Against Ford Motor Company and Ford Motor Company of Canada, Ltd.</u>

20.    Responding to Paragraph 20 of Plaintiff's Complaint, Ford incorporates herein by reference its previously stated responses to Paragraphs 1 through 19 and its defenses.

21.    Ford denies the allegations found in Paragraph 21 of Plaintiff's Complaint.

22.    Ford denies the allegations found in Paragraph 22 of Plaintiff's Complaint.

23.    Ford denies the allegations found in Paragraph 23 of Plaintiff's Complaint.

24.    Ford denies the allegations found in Paragraph 24 of Plaintiff's Complaint.

25.    Ford denies the allegations found in Paragraph 25 of Plaintiff's Complaint.

26.    Ford denies the allegations found in Paragraph 26 of Plaintiff's Complaint, including the prayer for relief beginning with "WHEREFORE" and subparts (1) - (7).

## COUNT III

## Punitive Damages Against Ford Motor Company and

## Ford Motor Company of Canada, Ltd.

27. Responding to Paragraph 27 of Plaintiff's Complaint, Ford incorporates herein by reference its previously stated responses to Paragraphs 1 through 26 and its defenses.

28. Ford denies the allegations found in Paragraph 28 of Plaintiff's Complaint.

29. Ford denies the allegations found in Paragraph 29 of Plaintiff's Complaint, including the prayer for relief beginning with "WHEREFORE" and subparts (1) - (4).

30. Ford denies all allegations not specifically admitted to herein.

WHEREFORE, having fully responded to Plaintiff's Complaint, Ford prays as follows:

(a)    That judgment be entered in its favor;

(b)    That costs be cast against Plaintiff;

(c)    That it have a trial by jury of twelve persons; and

(d)    That it have such further relief as the Court deems just and proper.

This 2nd day of April, 2009.

McKENNA LONG & ALDRIDGE LLP

_____
Charles K. Reed, Esq.
Georgia Bar No: 597597
Michael R. Boorman, Esq.
Georgia Bar No: 067798
Suneel C. Gupta, Esq.
Georgia Bar No. 452203

303 Peachtree Street - Suite 5300
Atlanta, Georgia 30308
404-527-4000 Telephone

## CERTIFICATE OF SERVICE

I hereby certify that I have served the above and foregoing Answer and Defenses

of Ford Motor Company of Canada, Ltd. via US Mail, postage prepaid, upon:

> James E. Carter, Esq.
> Miguel A. Cossio, Esq.
> James E. Carter & Associates, LLC
> 125 Park of Commerce Dr.
> Suite D
> Savannah, Georgia 31405
>
> Michael J. Warshauer, Esq.
> Warshauer, Poe and Thornton
> 3350 Riverwood Parkway
> Suite 2000
> Atlanta, Georgia 30339

This 2nd day of April, 2009.

_____
Suneel C. Gupta, Esq.
Georgia Bar No.: 452203

303 Peachtree Street
Suite 5300
Atlanta, Georgia 30308
(404)527-4000 (telephone)
(404)527-4198 (facsimile)
sgupta@mckennalong.com

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

HOPE M. ABERCROMBIE,                        :
                                            :
        Plaintiff,                          :
                                            :
vs.                                         :          Civil Action
                                            :          File No. : 2009 A 2786-1
FORD MOTOR COMPANY and                      :
FORD MOTOR COMPANY OF                       :
CANADA, LTD.,                               :
                                            :
        Defendants.                         :

## JURY TRIAL DEMAND

COME NOW Ford Motor Company and Ford Motor Company of Canada, Ltd.,

defendants in the above-styled civil action, and hereby demand a jury of twelve (12)

persons as to all proper issues in the case.

This 2nd day of April, 2009.

McKENNA LONG & ALDRIDGE LLP

_____
Charles K. Reed, Esq.
Georgia Bar No: 597597
Michael R. Boorman, Esq.
Georgia Bar No: 067798
Suneel C. Gupta, Esq.
Georgia Bar No. 452203

303 Peachtree Street - Suite 5300
Atlanta, Georgia 30308
404-527-4000 Telephone

## CERTIFICATE OF SERVICE

I hereby certify that I have served the above and foregoing Jury Trial Demand via

US Mail, postage prepaid, upon:

> James E. Carter, Esq.
> Miguel A. Cossio, Esq.
> James E. Carter & Associates, LLC
> 125 Park of Commerce Dr.
> Suite D
> Savannah, Georgia 31405
>
> Michael J. Warshauer, Esq.
> Warshauer, Poe and Thornton
> 3350 Riverwood Parkway
> Suite 2000
> Atlanta, Georgia 30339

This 2nd day of April, 2009.

_____
Suneel C. Gupta, Esq.
Georgia Bar No.: 452203

303 Peachtree Street
Suite 5300
Atlanta, Georgia 30308
(404)527-4000 (telephone)
(404)527-4198 (facsimile)
sgupta@mckennalong.com

# Exhibit B



# Georgia Secretary of State
## Karen C. Handel

**Archives · Corporations · Elections · News Room · Professional Licensure · Securities · State Capitol**

Search
▶ By Business Name
▶ By Control No
▶ By Officer
▶ By Registered Agent
     Verify
▶ Verify Certification
     New Filing
▶ Click here to file online for:
▶ New Limited Liability Company (LLC)
▶ New Business Corporation
▶ New Non-Profit Corporation
▶ New Professional Corporation (PC)
     Annual Registration
▶ Annual Registration
     Name Reservation
▶ File Name Reservation
   Online
     Online Orders
▶ Register for Online
   Orders
▶ Order Certificate of Existence
▶ Order Certified Documents

## View Filed Documents

Date: 4/1/2009   (Annual Registration History etc.)

## File Annual Registration Online

### or

## Print A Paper Annual Registration Form

**PLEASE NOTE:** To download your Annual Registration forms you will need Adobe Reader to view and/or print. If you do not have Adobe Reader installed on your computer, click the "Get Adobe Reader" button on the right to download the reader free of charge from the Adobe website.



**Annual Registrations**
The Georgia Code only requires the Office of Secretary of State to retain annual registrations for a period of five years from the date in which it was filed. Annual registrations older than five years may no longer be available for certification or viewing on the web.

### Business Name History

| Name | Name Type |
|------|-----------|
| FORD MOTOR COMPANY | Current Name |

### Profit Corporation - Foreign - Information

| | |
|---|---|
| **Control No.:** | H854346 |
| **Status:** | Active/Compliance |
| **Entity Creation Date:** | 10/31/1938 |
| **Jurisdiction:** | DE |
| **Principal Office Address:** | ONE AMERICAN ROAD DEARBORN MI 48126 |
| **Last Annual Registration Filed Date:** | 3/18/2009 |
| **Last Annual Registration Filed:** | 2009 |

### Registered Agent

| | |
|---|---|
| **Agent Name:** | CORPORATION PROCESS COMPANY |
| **Office Address:** | 1201 Peachtree Street N.E. Atlanta GA 30361 |
| **Agent County:** | Appling |

### Officers

| | |
|---|---|
| **Title:** | CEO |
| **Name:** | ALAN MULALLY |

| | |
|---|---|
| **Address:** | One American Road |
| | Dearborn MI 48126-2798 |

| | |
|---|---|
| **Title:** | **CFO** |
| **Name:** | **LEWIS BOOTH** |
| **Address:** | One American Road |
| | Dearborn MI 48126-2798 |

| | |
|---|---|
| **Title:** | **Secretary** |
| **Name:** | **PETER JR. SHERRY** |
| **Address:** | One American Road |
| | Dearborn MI 48126-2798 |

# Exhibit C


strategis.gc.ca

- Corporations Canada
- Search for a Federal Corporation

## Corporations Canada

- **Corporations Canada's Home**
- **What's New**
- **Guide to Federal Incorporation**
- **Online Filing**
- **Choosing A Name**
- **Search for a Federal Corporation**
- **Forms, Policies, Fees and Legislation**
- **General Information**
- **FAQ**
- **Other Related Sites**

### Corporation #114472 BN #101842904RC0001

**Corporation Name(s):**   FORD MOTOR COMPANY OF CANADA, LIMITED
FORD DU CANADA LIMITEE

**Old Name(s) and Change Date(s)**

FORD MOTOR COMPANY OF CANADA, LIMITED - 1976/05/25

| | |
|---|---|
| **Registered Office Address:** | *[Latest address on file]* |
| **Care of:** | H.C. CUSHMAN |
| **Street:** | THE CANADIAN RD |
| **City:** | OAKVILLE |
| **Province:** | Ontario |
| **Postal Code:** | L6J5E4 |
| **Country:** | Canada |

| | |
|---|---|
| **Country:** | Canada |
| **Reg. Off. Eff:** | 1911/12/18 |

| **Status** | **Date** |
|---|---|
| Discontinued | 1995/09/12 |
| Active | 1979/03/01 |

**ACT Name:** Canada Business Corporations Act      **Proxy:** 1995/09/12
**Incorporation:** 1911/12/18                          **Prospectus:**
**Amalgamation:**                                      **Take Over:**
**Continuance:**                                       **Revival:**
**Anniversary:** 1979/03/01                            **Intent to Dissolve:**
**Import:** -                                          **Revocation of Intent:**
**Export:** Ontario-1995/09/12                         **Update:** 2008/09/02

Top   Directors   AR/AS   Financial   Amalg   Subs/Parent   Bottom

## Directors

### NOTICE TO CLIENTS:

Please note that directors residential addresses are no longer available online. The request for this information can be made in writing directly to Corporations Canada by:

E-mail: corporationscanada@ic.gc.ca

Fax: (613) 941-0601 or 941-5789

Letter: Attn: Head, Information and Certification Unit
9th Floor, Jean Edmonds Tower South
365 Laurier Avenue West
Ottawa, Ontario K1A OC8

Please provide contact name, e-mail address, business address, telephone number and fax number.

*Current:* 9              *Last Update Date:* 1995/03/28
*Min:* 11              *Last Amendment:*
*Max:* 11
*Director(s) name(s):*
M. BOUCHARD
R. F. BENNETT
W. G. DAVIS
N. J. STEWART
E. E. HAGENLOCKER
J. F. FRASER
A. POWIS
R. L. REWEY
M. W. HUTCHINS

---

Top   Directors   AR/AS   Financial   Amalg   Subs/Parent   Bottom

## Annual Return/Annual Summary(AR/AS)

*NOTICE TO CLIENTS:*

Following the transition period resulting from the November 24, 2001 amendments to the Canada Business Corporations Act, the Act now refers to a minimum of 50 shareholders instead of 15

*Distributing:*             NO
*Number of Shareholders:*    >15 YES
*Annual Meeting (Last):*     1994/05/17
*Enforcement Code:*
*Enforcement Date:*
*Taxation Year End:*       12/31

*AR/AS Filed:*

                 Received - with Fee - 1995
                 Received - with Fee - 1994
                 Received - with Fee - 1993

---

Top   Directors   AR/AS   Financial   Amalg   Subs/Parent   Bottom

**Financial**

*Fin. Data Class:* Disclosing - Distributing      *Enforcement Code:*
*Latest Filing:* 95/04/19                    *Enforcement Date:*

| *Exemption:* | *Status* | *Date* |
|---|---|---|
| | Audit Committee | 1997/07/09 |
| | Insider Report | 1997/07/09 |

## CERTIFICATE OF SERVICE

I hereby certify that on April 2, 2009 I have served the above and foregoing Notice of Removal using the Court's CM/ECF system upon:

> James E. Carter, Esq.
> Miguel A. Cossio, Esq.
> James E. Carter & Associates, LLC
> 125 Park of Commerce Dr.
> Suite D
> Savannah, Georgia 31405
>
> Michael J. Warshauer, Esq.
> Warshauer, Poe and Thornton
> 3350 Riverwood Parkway
> Suite 2000
> Atlanta, Georgia 30339

MCKENNA LONG & ALDRIDGE LLP

/s/ Suneel Gupta
Suneel C. Gupta, Esq.
Georgia Bar No.: 452203

303 Peachtree Street
Suite 5300
Atlanta, Georgia 30308
(404)527-4000 (telephone)
(404)527-4198 (facsimile)
sgupta@mckennalong.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 2, 2009 I have served the above and foregoing Notice of Filing Notice of Removal using the Court's CM/ECF system upon:

James E. Carter, Esq.
Miguel A. Cossio, Esq.
James E. Carter & Associates, LLC
125 Park of Commerce Dr.
Suite D
Savannah, Georgia 31405

Michael J. Warshauer, Esq.
Warshauer, Poe and Thornton
3350 Riverwood Parkway
Suite 2000
Atlanta, Georgia 30339

MCKENNA LONG & ALDRIDGE LLP

/s/ Suneel Gupta
Suneel C. Gupta, Esq.
Georgia Bar No.: 452203

303 Peachtree Street
Suite 5300
Atlanta, Georgia 30308
(404)527-4000 (telephone)
(404)527-4198 (facsimile)
sgupta@mckennalong.com